MICHAEL DEVINE *vs.* CHARLES A. STILLINGS.

Suffolk. September 4, 1907. — October 15, 1907.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Arrest*, On execution. *Poor Debtor. Pauper. Attorney at Law. Mandamus.*

If a debtor, who has been arrested on execution and has been committed to jail, claims support as a pauper under R. L. c. 168, § 49, and the attorney for the creditor furnishes the jailer with a check of the law firm of which he is a member sufficient to provide for the support of the prisoner and satisfactory to the jailer, this is an advance by the creditor of the money necessary for the support of the prisoner, especially where before the commitment the creditor directed his attorney to pay for the prisoner's support by the jailer, and there is no foundation for a petition by the prisoner for a writ of mandamus addressed to the jailer commanding him to discharge the prisoner on account of the neglect of the creditor to advance money or give security for his support.

KNOWLTON, C. J.   The petitioner for a writ of mandamus in this case was arrested on an execution, and was committed to jail under the provisions of the R. L. c. 168.   Section 49 of this chapter is as follows: "If the defendant or debtor confined in jail on mesne process or execution in a civil action claims support as a pauper, the jailer shall furnish his support at the rate of one dollar and seventy-five cents a week, to be paid by the plaintiff or creditor, who in such case shall, if required by the jailer, either from time to time advance the money necessary for the support of the prisoner or give the jailer satisfactory security therefor.   If the plaintiff or creditor neglects so to do for twenty-four hours after demand, the jailer shall discharge the prisoner.   Such demand may be made of the officer who made the commitment or of the plaintiff or creditor or his attorney at any time after the prisoner has claimed such support."   The prisoner claimed support as a pauper under this section, and he contends that the respondent, the jailer, should be commanded to discharge him on account of neglect of the execution creditor to advance money or give security for his support.

The respondent, on the day after the commitment, had a conversation with the attorney of the creditor, in which the attorney agreed to be responsible for the support of the petitioner in jail, and the respondent told the attorney that he should look to him for the board.   This arrangement was satisfactory to the respondent.   Afterwards the attorney gave him a check for $15, drawn on the bank account of the law firm of which he was a member, in payment for past support, and as an advance for support in the future.   This too was satisfactory to the respondent.   The single justice who heard the case found that the respondent's demand was complied with, and ruled that the writ ought not to be issued.

This ruling was correct.   All that the creditor was bound to do was to give security satisfactory to the jailer.   His attorney authorized the jailer to support the petitioner on the attorney's account, and afterwards gave a good and proper check, satisfactory to the jailer, in payment.   That this was done by the attorney, who was legally authorized to represent the execution creditor in the business, was as effectual as if it had been done by the creditor personally.   The statute expressly provides that

the demand may be made upon the attorney, and impliedly authorizes the attorney to act for the creditor in the business. Besides, it appears that the creditor in the present case, before the commitment to the jailer, directed his attorney to pay for the petitioner's support by the jailer.

*Exceptions overruled.*

The case was submitted on briefs.

*W. C. Ford,* for the petitioner.

*J. P. Sweeney, H. R. Dow & L. S. Cox,* for the respondent.